# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH A. SOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-0320-CVE-FHM |
| | ) |
| BOURN & KOCH, INC., and | ) |
| JONES & LAMSON MACHINE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff Joseph A. Sowell's motion (Dkt. # 28) to amend his response (Dkt. # 26) to defendant Bourn & Koch, Inc.'s motion for summary judgment. On February 4, 2019, Bourn & Koch filed a motion for summary judgment (Dkt. # 25). On February 25, 2019, plaintiff filed a response in opposition to the motion (Dkt. # 26). Bourn & Koch filed a reply (Dkt. # 27). On April 29, 2019, plaintiff filed a motion (Dkt. # 28) to amend his response (Dkt. # 26) to the motion for summary judgment. Bourn & Koch filed a response in opposition to plaintiff's motion to amend (Dkt. # 32).

Pursuant to LCvR7.2(h), "supplemental briefs are not encouraged and may be filed only upon motion and leave of Court." Plaintiff seeks to amend his response to the motion for summary judgment by adding as an exhibit the expert report of John Green (Dkt. # 28-1). Plaintiff asserts that the Green report "sets out the duty and negligent acts of Bourn & Koch after it acquired Jones & Lamson intellectual property and designs and intangible property," and therefore supports plaintiff's position that there are material facts in controversy as to plaintiff's claims of Bourn & Koch's negligence. Dkt. # 28, at 1.

Bourn & Koch argue that the Court should deny plaintiff's motion, because there has been no additional discovery since the filing of plaintiff's response warranting the filing of a supplemental brief, and plaintiff did not request additional time to conduct discovery in order to respond to the motion for summary judgment. Dkt. # 32, at 2. Pursuant to the amended scheduling order (Dkt. # 21) entered on December 6, 2018, the deadline for plaintiff's expert identification and reports was April 22, 2019. Id. The discovery deadline is May 31, 2019, and the deadline for filing a motion for summary judgment is July 8, 2019. Id. Green's final expert report is dated April 22, 2019, Dkt. # 28-1, at 1, and plaintiff provided the expert report to Bourn & Koch on that date, Dkt. # 28, at 1. Accordingly, plaintiff obtained the final expert report and provided it to defendant in accordance with the amended scheduling order. Although Bourn & Koch filed its motion for summary judgment well in advance of the deadlines for expert reports, discovery, and dispositive motions, plaintiff was not required to obtain the final expert report or provide it to defendant any earlier than April 22, 2019. Therefore, the Court finds that plaintiff appropriately asks the Court to consider the timely-submitted report in addressing the motion for summary judgment.

Bourn & Koch also argue that the Court should deny plaintiff's motion because the expert report contains "inappropriate testimony from an unqualified witness on an inappropriate topic." Dkt. # 32, at 8. It is well-settled that a federal court can consider only admissible evidence in addressing a motion for summary judgment. Gross v. Burggraf Const. Co., 53 F.3d 1531, 1541 (10th Cir. 1995). Accordingly, "the testimony of an expert can be rejected on summary judgment if it is conclusory and thus fails to raise a genuine issue of material fact," Matthiesen v. Banc One Mort. Corp., 173 F.3d 1242, 1247 (10th Cir. 1999), or if the expert's opinions reach the ultimate issues of law, Cooperman v. David, 23 F.Supp.2d 1315, 1318 (D. Wyo. 1998), aff'd, 214 F.3d 1162 (10th Cir.

2000). In other words, in ruling on the motion for summary judgment, the Court rejects any expert testimony that would not be admissible at trial under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). To determine whether and to what extent the expert's testimony is admissible, however, the expert's report must be included in the summary judgment record before the Court. Accordingly, the Court finds that Bourn & Koch's argument regarding the appropriateness of Green's testimony is not a basis for denying plaintiff's motion to amend his response to the motion for summary judgment.

**IT IS THEREFORE ORDERED** that plaintiff Joseph A. Sowell's motion (Dkt. # 28) to amend his response to defendant Bourn & Koch, Inc.'s motion for summary judgment is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall immediately file a pleading, with cover page entitled "Plaintiff's Amended Response to Defendant Bourn & Koch's Motion for Summary Judgment," with the Green report attached.

**IT IS FURTHER ORDERED** that Bourn & Koch may supplement its reply, addressing only the Green report, no later than seven (7) days following plaintiff's filing of the Green report and no more than seven (7) pages in length.

**IT IS FURTHER ORDERED** that no additional briefing will be allowed.

**DATED** this 8th day of May, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE